IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RANDAL MCLEAN, | * | |
| Petitioner, | | |
| v. | * | Civil Action No. GLR-16-493 |
| | | Criminal Action No. GLR-10-373 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | | |
| | ***** | |

**MEMORANDUM OPINION**

On April 24, 2013, the Court sentenced Randal McLean on one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a). The Court entered criminal judgment on April 26, 2013. See ECF No. 126.[1] McLean filed a Notice of Appeal on that same date. On August 12, 2014, the United States Court of Appeals for the Fourth Circuit affirmed the judgment. See United States v. McLean, 581 Fed. Appx. 228 (4th Cir. 2014). On January 12, 2015, the United States Supreme Court denied McLean's petition for writ of certiorari. See McLean v. United States, 135 S. Ct. 1009 (2015).

On February 22, 2016, McLean filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, dated February 12, 2016. He raises multiple ineffective assistance of counsel claims. See ECF No. 145. On February 24, 2016, the Government filed a response arguing that the Motion should be denied as time-barred. ECF No. 147. On March 3, 2016, the Court issued a show cause order granting the parties an opportunity to brief the issue of timeliness. ECF No. 148.

---

[1] Unless otherwise noted, the Court shall cite to the electronic docketing system of McLean's criminal case, United States v. McLean, Criminal No. GLR-10-373 (D. Md.).

McLean filed a Reply to the Government's response arguing excusable neglect and equitable tolling.  ECF No. 149.   On April 12, 2016, the Government filed a Motion to Dismiss the § 2255 Motion.  ECF No. 152.  On August 8, 2016, McLean filed a Motion for Leave to Amend, Supplement, Withdraw or File Additional Motions.[2]  ECF No. 153.

A jury convicted McLean on November 7, 2012.  On April 24, 2013, the Court imposed a 120-month sentence.  The Fourth Circuit affirmed the conviction on August 12, 2014.  On January 12, 2015, the Supreme Court denied certiorari.  The one-year statute of limitations set out under 28 U.S.C. § 2255(f)(1) thus began to run on January 13, 2015.  See Clay v. United States, 537 U.S. 522 (2003); United States v. Segers, 271 F.3d 181, 186 (4th Cir. 2001).  Therefore, McLean had until January 13, 2016, to file a timely Motion to Vacate.  He did not do so.  His Motion was filed approximately one month later.[3]

The one-year limitation period may be forgiven if a Petitioner shows "1) extraordinary circumstances, 2) beyond his control or external to his own conduct, 3) . . . prevented him from filing on time."  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).  A Petitioner must show some wrongful conduct by a Respondent contributed to the delay in filing; or that circumstances beyond his control caused the delay.  See Rouse, 339 F.3d at 246.  "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross

---

[2] McLean's Motion was not accompanied by an Amended or Supplemental Motion. Therefore, his Motion shall be denied for non-compliance with Local Rules.  See Local Rule 103.6. (D. Md. 2016).

[3] The Motion is dated February 12, 2016, and shall be deemed filed as of that date.  See Houston v. Lack, 487 U.S. 266, 270-76 (1988); United States v. McNeill, 523 Fed. Appx. 979, 983 (4th Cir. 2013); United States v. Dorsey, 988 F. Supp. 917, 919–20 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule.)

injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2006). Generally, the Petitioner must show that he has been diligently pursuing his rights and some extraordinary circumstance prevented him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse, 339 F.3d at 246.

McLean acknowledges his belated filing, but argues that it should be excused based upon excusable neglect and equitable tolling. First, he seemingly asserts that he was under the mistaken belief that that one-year statute of limitations began thirty days after the Supreme Court denied his petition for certiorari. Next, he claims that there were several impediments which prevented him from timely filing his Motion, to wit, the federal holidays, a massive snow storm in January 2016, and an influenza epidemic, resulting in McLean being a victim of a "vicious flu attack." ECF No. 149 at 3–6. He further maintains that he is actually innocent of the career offender enhanced sentence and has been reasonably diligent in pursuing his actual innocence claim. Id. at 7–8. Finally, he asks the Court to construe his Motion as a 28 U.S.C. § 2241 Petition if it determines that § 2255 is inadequate and ineffective under its savings clause provision. Id. at 8–10.

These proffered reasons do not provide grounds for excusable neglect or equitable tolling. Equitable tolling is "appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevent him from complying with the statutory time limit." Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001) (quoting Harris, 209 F.3d at 330). The Court concludes McLean's mistaken belief regarding the commencement date of the limitations period is not an "extraordinary circumstance" beyond his control that prevented him from making a timely filing. See, e.g., Lawrence v. Florida, 549 U.S. 327, 336–37 (2007) (attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Rouse, 339 F.3d at 248–50 (same); Sosa, 364 F.3d at 512

(ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the law due to illiteracy or self-represented status does not toll the limitations period).

Further, the remaining excuses offered by McLean do not meet this stringent standard for equitable tolling. The self-serving nature of McLean's statements aside, he provides no documented evidence that he was so incapacitated as to be unable to file his Motion in a timely manner. His avowed impediments during the month preceding the expiration of the one-year statute of limitation period disregard the fact that he had many months before any problem developed at the prison to work on his Motion. Other courts addressing equitable tolling have found that "extraordinary circumstances" are not: having an inadequate law library, attorney error, claims of actual innocence, ignorance of the filing deadline, or even (in some instances) petitioner illness. Here, because McLean has failed to prove that he pursued his rights diligently or demonstrate that extraordinary circumstances prevented him from raising any of these claims, equitable tolling is not appropriate.

Moreover, to the extent that McLean contends that his action is not time-barred because he is actually innocent of the career offender enhanced sentence under § 4B1.1, his claim has no merit. The Supreme Court recognized in McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013), that an actual innocence exception to one-year time limitations. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Sclup v. Delo, 513 U.S. 298, 327 (1995); see McQuiggin, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Id. at 324. Further, "claims of actual innocence are rarely successful," id., and "should not be granted casually."

Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998).

Importantly, McLean does not claim that he was innocent of the underlying conduct associated with the offense. Instead, he alleges that he was improperly labeled and sentenced as a career offender as his predicate convictions were consolidated and thus related for purposes of United States Sentencing Guidelines, § 4B1.1. Thus, Petitioner fails to state a plausible claim of actual innocence. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding "actual innocence applies in the context of habitual-offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."). The claim that an incorrect career designation rendered a defendant "actually innocent" of that designation was rejected in Landsdowne v. Wilson. 897 F. Supp.2d 404, 406–07 (E.D.Va. 2012) (actual innocence argument rejected where defendant did not argue that he had never committed the predicate offense, but that conviction was misclassified as a violent felony). Thus, McLean has not alleged facts to show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. His reliance on McQuiggin to overcome the untimeliness of this petition is unavailing. Based upon the foregoing, McLean's actual innocence claim does not excuse the untimely filing of this § 2255 Motion.

Finally, McLean asks that the Court alternatively construe his § 2255 Motion as a § 2241 under the § 2255 "savings clause" provision if the Court concludes his § 2255 Motion is inadequate or ineffective. The Court will not do so. Generally, a prisoner may file a petition under § 2241 only to challenge the manner in which a sentence is executed. 28 U.S.C. § 2241(c). A prisoner must challenge the legality of his sentence under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see Rice v. Rivera, 617 F.3d 802, 806–08 (4th Cir. 2010) (per curiam); In re Jones, 226 F.3d 328, 332

(4th Cir. 2000); 28 U.S.C. § 2241(e); see also Farrow v. Revell, 541 Fed. Appx. 327, 328 (4th Cir. 2013) (per curiam) ("A federal prisoner who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255, while § 2241 petitions are reserved for challenges to the execution of the prisoner's sentence.") (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).

Section 2255 is not inadequate merely because the inmate is unable to obtain relief under § 2255. In re Vial, 115 F.3d at 1194 n.5. Thus, a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal does not render § 2255 inadequate. Id. (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

Thus, the Fourth Circuit has held in In re Jones that § 2255 is inadequate or ineffective to test the legality of confinement only in the aforementioned limited circumstances. Under Lansdowne, McLean has no basis for seeking relief under § 2241 to challenge his career offender designation. He remains guilty of the crime committed in this case.[4]

---

[4] In United States v. Surratt, 797 F.3d 240 (4th Cir. 2015), rehearing en banc granted (4th Cir. Dec. 2, 2015), the Fourth Circuit noted that that to apply Jones and § 2255(e), actual innocence must be demonstrated.

6

For the aforementioned reasons, the Court will grant Respondent's Motion to Dismiss.  The Court will deny and dismiss the Motion to Vacate with prejudice.

When a District Court dismisses a Motion to Vacate solely on procedural grounds, a Certificate of Appealability will not issue unless the Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)).  McLean has not made the required showing and the Court declines to issue a Certificate of Appealability.  A separate Order follows.


Date: November 22, 2016                             /s/
                                           George L. Russell, III
                                           United States District Judge